UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

      Plaintiff,

                                    Case No. 20-cv-10979
                                    Honorable Gershwin A. Drain

v.

LVJ, INC., a Michigan corporation,

      Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 55] AND SETTING NEW DATES**

**I.    INTRODUCTION**

Plaintiff Howard Cohan is an individual with numerous disabilities. Plaintiff regularly travels to Michigan from his residence in Palm Beach County, Florida. Plaintiff brought the instant action against Defendant LVJ, Inc., operating as Leo's Coney Island ("Leo's"), in Livonia, Michigan, after he visited the restaurant to dine in March of 2018 and May of 2019. Plaintiff alleges Leo's has architectural barriers throughout the premises that deny him full and equal access to the restaurant. He seeks injunctive relief and his attorney's fees under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 ("ADA"), and its implementing regulation, 28 C.F.R. Part 36.

Now before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint, filed on January 30, 2021. Plaintiff filed a Response in Opposition on February 19, 2021, and Defendant filed a Reply in support of its present motion on March 5, 2021. A hearing on this matter was held on August 19, 2021. For the reasons that follow, the Court denies Defendant's Motion to Dismiss Plaintiff's Complaint.

## II.     FACTUAL BACKGROUND

Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medical meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. Plaintiff's condition is degenerative and requires the occasional use of mobility aids to assist in his movement.

Plaintiff alleges he regularly travels to southeast Michigan to visit friends and to shop. In March of 2018, and again in May of 2019, Plaintiff encountered barriers to access the restaurant, including barriers at the entrance and the restroom. Plaintiff alleges Defendant's failure to remove these barriers denies Plaintiff the full enjoyment of the goods and services at the restaurant. Plaintiff's

plans to return to Michigan in August of 2020 have been postponed due to the COVID-19 pandemic and travel restrictions related thereto.

## III. LAW & ANALYSIS

### A. Standard of Review

Defendant moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3), which authorizes the Court to dismiss an action "at any time" for lack of subject matter jurisdiction. A motion to dismiss brought pursuant to Rule 12(h)(3) is analyzed in the same manner as a motion to dismiss brought under Rule 12(b)(1). *Gates v. Black Hills Health Care Sys. (BHHCS)*, 997 F. Supp.2d 1024, 1029 (D.S.D. 2014); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.3d 874, 879 n.3 (3d Cir. 1992).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of the subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis," while "[a] facial attack challenges the factual existence of subject matter

3

jurisdiction." *Id*. "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id*. "Plaintiff bears the burden of establishing that subject matter jurisdiction exists." *Id*.

"A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied*, 461 U.S. 918 (1983)).

B. **Defendant's Motion to Dismiss**

In the present motion, Defendant is making a factual attack to subject matter jurisdiction under Rule 12(h)(3). Relying on another decision from this Court involving similar allegations, *Howard Cohan v. California Pizza Kitchen, Inc.*, Defendant argues Plaintiff's ADA claim cannot survive Rule 12(h)(3) scrutiny because Plaintiff does not allege he relies on a wheelchair. *See id*., No. 18-12080, 2019 U.S. Dist. LEXIS 150269 (E.D. Mich. Sep. 4, 2019) (Roberts, J.). Defendant further asserts that Plaintiff has admitted in prior deposition testimony that he does not rely upon a wheelchair. Finally, Defendant complains that Plaintiff has filed

4

roughly two thousand, three hundred and ninety (2,390) lawsuits across the nation, including at least seventeen cases in this district alone. Defendant argues that it is unlikely Plaintiff actually patronized all nine retail establishments, seven hotels, and seven restaurants during the four day period Plaintiff visited southeast Michigan in March of 2018 and May of 2019.

In order to satisfy Article III standing, Plaintiff must show that (1) he "suffered an injury-in-fact" that is "concrete and particularized," and is "actual or imminent, not conjectural or hypothetical," (2) the injury is fairly traceable to the challenged action, and (3) it is likely "that the injury will be redressed by a favorable decision." *Mosley v. Kohl's Depart. Stores, Inc.*, 942 F.3d 752, 756-57 (6th Cir. 2019). The injury-in-fact analysis differs depending on whether the plaintiff seeks prospective or retrospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). When prospective relief such as an injunction is sought, "the plaintiff must be suffering a continuing injury to be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Prior injuries constitute "evidence bearing on whether there is a real and immediate threat of repeated injury." *Id*.

Defendant challenges whether Plaintiff's injury-in-fact was concrete and particularized based on non-binding and distinguishable authority from this district, as well as relies on deposition testimony that is nearly six years old.

5

Here, Defendant is not entitled to the relief it seeks under Rule 12(h)(3) of the Federal Rules of Civil Procedure. Defendant's challenge to jurisdiction is intertwined with the merits of Plaintiff's claims. As such, Rule 12(h)(3) relief is unavailable to the Defendant. *See Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "[A] district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. *Id*. (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). Conversely, "an attack on subject-matter jurisdiction" that "implicates an element of the cause of action[,]" requires that the district court "*find that jurisdiction exists* and deal with the objection as an attack on the merits of the plaintiff's claim." *Id*. (emphasis in original).

Defendant's reliance on *Howard Cohan v. California Pizza Kitchen,* Inc., *supra*, is misplaced because the Defendant in that case sought dismissal pursuant to Rule 12(b)(6), rather than Rule 12(h)(3). Defendant's arguments require the Court to evaluate facts that are intertwined with the merits of Plaintiff's claims. Under this circumstance, dismissal under Rule 12(h)(3) is unavailable. *See Gentek Bldg. Prods.,* 491 F.3d at 330; *see also Cohan v. MGM Hospitaliity, Inc*., No. 20-cv-10981, ECF No. 22, PageID.332-33 (E.D. Mich. Sep. 30, 2021) (Edmunds, J.).

6

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss Plaintiff's Complaint [#15] is DENIED.

The following dates shall govern in this matter:

| | |
|---|---|
| Hearing on Plaintiff's Motion for S/J & Defendant's Motion to Strike Plaintiff's Expert [ECF Nos. 23-24]: | Nov. 23, 2021 at 10:00 a.m. |
| Motions *in Limine* due: | December 8, 2021 |
| Final Pretrial Order due: | December 8, 2021 |
| Final Pretrial Conference: | Dec. 15, 2021 at 2:00 p.m. |
| Jury Trial: | January 18, 2022 at 9:00 a.m. |

The practices and procedures set forth in this Court's January 28, 2021 Scheduling Order shall remain in effect. *See* ECF No. 14, PageID.48-54.

SO ORDERED.

Dated: October 5, 2021 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 5, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager