UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

        Plaintiff,

                                    Case No. 20-cv-10979
                                    Honorable Gershwin A. Drain

v.

LVJ, INC., a Michigan corporation,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#23], DENYING DEFENDANT'S MOTION TO STRIKE [#24] AND CANCELLING HEARING**

**I.    INTRODUCTION**

Plaintiff Howard Cohan brought the instant action under Title III of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12181 *et seq.*, seeking declaratory and injunctive relief requiring Defendant LVJ, Inc., operating as Leo's Coney Island ("Leo's), in Livonia, Michigan, to bring its facility into compliance with the ADA. Plaintiff alleges Leo's has architectural barriers throughout the premises that deny him full and equal access to the restaurant.

Now before the Court is the Plaintiff's Motion for Summary Judgment, filed on July 30, 2021. Defendant filed a Response on August 20, 2021, and Plaintiff filed his Reply on August 27, 2021. Also, before the Court is the Defendant's

Motion to Strike Plaintiff's Expert, filed on August 12, 2021. Plaintiff filed a Response in Opposition to the Defendant's Motion to Strike on August 26, 2021, and Defendant submitted its Reply on September 2, 2021. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of these matters. Accordingly, the Court will resolve the pending motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Plaintiff's Motion for Summary Judgment will be denied and Defendant's Motion to Strike Expert will also be denied.

## II.   FACTUAL BACKGROUND

Plaintiff is an individual with numerous physical impairments, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medical meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. ECF No. 23, PageID.184. Plaintiff's conditions severely restrict his range of motion in his shoulders and legs. His conditions are degenerative and require the occasional use of mobility aids to assist in his movement. The Social Security Administration deemed Plaintiff disabled in January of 2010 and he has continually maintained this status.

Plaintiff alleges he regularly travels to southeast Michigan to visit friends and to shop. In March of 2018, and again in May of 2019, Plaintiff encountered barriers to access Leo's, including barriers at the restroom. Specifically, the barriers Plaintiff encountered affected his disability in the following ways:

> a. The position of the toilet would have required me to overextend my shoulder while getting on and off the toilet because the grab bars are further away than required,
>
> b. The placing of elements above the side wall grab bar make it dangerous for me in the event I need to quickly grab the bar because I can hit my hand on these elements, which may cause me to miss the grab bar and I would end up falling on the ground,
>
> c. The door to the restroom was too heavy and aggravated my shoulder injuries, causing pain,
>
> d. The seating in the dining are[a] ha[s] an improper base which interferes with where my legs can be placed and do not provide an appropriate width.

*Id*. at PageID.186. Plaintiff asserts that because of these barriers, he could not enjoy his experience at Leo's the same way a non-disabled individual would. *Id.*

Plaintiff alleges Defendant's failure to remove these barriers denies Plaintiff the full enjoyment of the goods and services at the restaurant. Plaintiff plans to return to Michigan, however, his plans have been postponed due to the COVID-19 pandemic.

### III. LAW & ANALYSIS

A. **Plaintiff's Motion for Summary Judgment**

1. **Standard of Review**

Federal Rule of Civil Procedure 56(a) "directs that summary judgment shall be granted if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998) (quotations omitted). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505.

2. **Standing**

In order to satisfy Article III standing, Plaintiff must show that (1) he "suffered an injury-in-fact" that is "concrete and particularized," and is "actual or imminent, not conjectural or hypothetical," (2) the injury is fairly traceable to the challenged action, and (3) it is likely "that the injury will be redressed by a favorable decision." *Mosley v. Kohl's Depart. Stores, Inc.*, 942 F.3d 752, 756-57

(6th Cir. 2019). The injury-in-fact analysis differs depending on whether the plaintiff seeks prospective or retrospective relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983). When prospective relief such as an injunction is sought, "the plaintiff must be suffering a continuing injury to be under a real and immediate threat of being injured in the future." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004). Prior injuries constitute "evidence bearing on whether there is a real and immediate threat of repeated injury." *Id*.

At this juncture, the Court finds that Plaintiff can establish standing to seek injunctive relief. The Court agrees that Plaintiff fails to show an injury-in-fact for the majority of Defendant's claimed architectural barriers. For instance, Plaintiff merely states the barrier "would have required me to overextend my shoulder," or the placement of the side wall grab bar is "dangerous for me" and "may cause me to miss the grab bar and I would end up falling to the ground." ECF No. 23, PageID.186. These statements are insufficient, standing alone, to demonstrate Plaintiff suffered an injury in fact related to Defendant's architectural barriers. However, Plaintiff asserts that the door to the restroom was too heavy and this aggravated his shoulder injuries causing pain. *Id*. As such, the Court finds Plaintiff has presented sufficient evidence at this juncture to establish Article III standing.

### 3. Plaintiff's Arguments in Support of Summary Judgment

Even though the Court finds that Plaintiff has Article III standing at this stage of the proceedings, genuine issues of material fact and law exist with respect to whether Plaintiff has established he suffers from a disability within the meaning of the ADA, whether the 1991 or 2010 ADA Standards apply to Defendant's facility, whether Plaintiff can rely on the ADA's Standards for wheelchair accessibility to establish his claim when he did not use a wheelchair during his visits to the restaurant, and finally, whether remediation is readily achievable.

Title III of the ADA gives people with disabilities the right to "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. 12182(a). Plaintiff argues Defendant's facility contains architectural barriers that deny him the right to "full and equal enjoyment" of Defendant's services and facility. Plaintiff maintains he is entitled to declaratory and injunctive relief, declaring Defendant in violation of the ADA and ordering Defendant to alter the facility's discriminatory architectural barriers.

In order to succeed on his ADA claim, Plaintiff must establish (1) he has a disability, (2) the defendant's facility is a place of public accommodation, and (3) the defendant discriminated against him by denying him full and equal enjoyment of services because of his disability. *Mayberry v. Von Valteir*, 843 F. Supp. 1160, 1164 (E.D. Mich. 1994). "[D]iscrimination includes . . . failure to remove

architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

A person is disabled under the ADA when he or she has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). "Major life activities include, but are not limited to . . . performing manual tasks, . . . standing, lifting, bending, . . . and working." 42 U.S.C. 12102(2)(A).

Plaintiff argues it is undisputed he is disabled within the meaning of the ADA. He asserts the Social Security Administration found him fully disabled in January of 2010 due to his severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, sever spinal stenosis of the cervical spine with nerve root compromise on the right side, and several other severe disabilities affecting his shoulders, knees, and left thumb. ECF No. 23, PageID.184-185. He further declares that he suffered from all of these conditions on the dates he visited Defendant's facility. *Id*. While Plaintiff asserts in his filing that he has "trouble walking, bending, and standing for long periods of time without pain[,]" he does not state this in his declaration, rather he claims his "conditions inhibit [his] mobility, and [he] occasionally use[s] mobility aids to aid my movement." *Id*. Plaintiff's conditions "severely restrict [his] range of motion in [his] shoulders and legs, and cause me to experience pain in my back, legs and shoulders." *Id*.

The ADA calls for an individualized assessment when evaluating a plaintiff's disability claim. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999). This Court is required to determine on a case-by-case basis whether an individual has offered sufficient evidence "that the extent of the limitation in terms of [the plaintiff's] own experience . . . is substantial." *Albertson's, Inc. v, Kirkingburg*, 527 U.S. 555, 567 (1999).

Plaintiff does not argue that an award of social security benefits under the Social Security Act is conclusive evidence on the issue of whether an individual has an impairment that substantially limits a major life activity, and the Court can find no authority on this point. Moreover, Defendant notes in its response that Plaintiff failed to produce any records supporting his claim that he suffered from a disability.

In addition to a lack of sufficient evidence on whether Plaintiff has established a disability within the meaning of the ADA, there are other questions of material fact that preclude summary judgment in Plaintiff's favor at this stage of the proceedings. As an initial matter, Plaintiff's present motion relies upon the assumption that Defendant's premises violate the 2010 ADA Standards for Accessible Design, however, the record is devoid of any support for the conclusion that the 2010 ADA Standards apply to the Defendant's facility. Compliance with the 2010 Standards became mandatory for new construction and renovations in

2012, but prior to that date, covered entities could comply with either the 1991 or 2010 standards. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013); 28 C.F.R. § 36 *et seq*.

Moreover, Plaintiff has failed to present any evidence on the issue of whether removal of the barriers is "readily achievable." When a Court finds that a place of public accommodation has violated the ADA, it can enjoin the responsible defendant to "alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2). "Readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Factors a court is to consider when determining whether modifications are "readily achievable" include:

> (A) the nature and cost of the action needed under this chapter;
>
> (B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources; or the impact otherwise of such action upon the operation of the facility;
>
> (C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
>
> (D) the type of operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9). The Sixth Circuit Court of Appeals has yet to definitively answer which party has the burden of establishing a modification is "readily achievable." *Neal v. Divya Jyoti Ltd.*, No. 2:18-cv-958, 2019 U.S. Dist. LEXIS 126053, at *46 (S.D. Ohio Jul. 29, 2019). However, "district courts within the Sixth Circuit have regularly followed the Tenth Circuit's *Colorado Cross* test." *Id.* (citing *Access 4 All, Inc. v. OM Mgmt., LLC,* No. 2:06-cv-374, 2007 U.S. Dist. LEXIS 35429, at *10-11 (S.D. Ohio May 15, 2007) and *Disabled Patriots of Am., Inc. v. ODCO Invs., Ltd.*, No. 3:04-cv-7399, 2006 U.S. Dist. LEXIS 13158, at *4 (N.D. Ohio Mar. 27, 2006) (denying summary judgment in favor of plaintiffs because they failed to provide "a complete and precise cost to remove all barriers"); *see also Colo. Cross. Disability Coal. V. Hermanson Family Ltd. P'ship I*, 264 F.3d 999 (10th Cir. 2001) (adopting a burden shifting analysis with the plaintiff bearing the initial burden of production to present evidence that a suggested barrier removal method is readily achievable and can be accomplished easily, and once this burden is met, the defendant then has "the opportunity to rebut that showing[,]" to meet its ultimate burden of persuasion on its affirmative defense).

      Here, Plaintiff has failed to come forward with any admissible evidence demonstrating the barrier removal is readily achievable. Plaintiff's reliance on the Declaration of Giovannia Paloni, the President of Complete ADA Compliance, is

10

misplaced. The Sixth Circuit has previously held that no witness, even an expert, may testify as to what the law requires and what the law is. *Hyland v. HomeServices of Am., Inc.*, 771 F.3d 310, 322 (6th Cir. 2014) ("a witness may not testify to a legal conclusion.").

For all of these reasons, Plaintiff is not entitled to summary judgment.

**B**. **Defendant's Motion to Strike Plaintiff's Expert**

Defendant seeks to preclude Plaintiff from relying upon Giovannia Paloni to supply evidence in this matter because Plaintiff failed to provide a written expert report or disclose the subject matter upon which Ms. Paloni is expected to provide evidence by the deadline for identifying expert witnesses on April 30, 2021.

On January 28, 2021, this Court entered a Scheduling Order in this matter requiring that expert and lay witness lists be filed no later than April 30, 2021, with a discovery cutoff of June 30, 2021, and a dispositive motion cutoff of July 30, 2021. Plaintiff listed Ms. Paloni as a proposed expert on April 30, 2021 but did not provide an expert report. On August 6, 2021, Plaintiff provided Defendant with Ms. Paloni's expert report.

Rule 26(a)(2) of the Federal Rules of Civil Procedure governs the disclosure of expert witnesses. Rule 26(a)(2)(B) requires that expert disclosures "be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the

11

case[,]" unless otherwise stipulated to by the parties or ordered by the Court. Fed. R. Civ. P. 26(a)(2)(B). If the Court does not provide an expert disclosure deadline, the disclosure must be made "at least 90 days before the date set for trial . . . . ." Fed. R. Civ. P. 26(a)(2)(D). Further, when a party fails to identify a witness, Rule 37 of the Federal Rules of Civil Procedure precludes the party "from us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was "substantially justified" or "harmless." *Howe v. City of Akron*, 801 F.3d 718, 747-48 (6th Cir. 2015).

Here, the Court's January 28, 2021 scheduling order did not set a deadline for expert disclosures, rather it required only that the parties exchange lay and expert witness lists by that deadline. Thus, Rule 26(a)(2)(D) required Plaintiff to make expert disclosures "at least 90 days before the date set for trial" or 90 days prior to December 7, 2021, the date originally set for trial in this matter. Because Plaintiff served Defendant with Ms. Paloni's expert report on August 6, 2021, Plaintiff timely submitted her report consistent with Rule 26(a)(2). The Court will therefore deny Defendant's Motion to Strike.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion for Summary Judgment [#23] is DENIED.

Defendant's Motion to Strike Plaintiff's Expert [#24] is DENIED.

SO ORDERED.

Dated: November 29, 2021                     /s/Gershwin A. Drain
                                             GERSHWIN A. DRAIN
                                             United States District Judge

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 29, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager