UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

          Plaintiff,

                                  Case No.: 20-cv-10979

v.                                 Hon. Gershwin A. Drain

LVJ, INC.,

          Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE MOE SAIF AND RAID ALSOAIRI FROM OFFERING TESTIMONY [#36], GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO ADMIT SOCIAL SECURITY DETERMINATION [#37], GRANTING PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING PLAINTIFF'S COMPENSATION [#38] AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS *IN LIMINE* [#39]

## I.    INTRODUCTION

Plaintiff Howard Cohan brought the instant action under Title III of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12181 *et seq*., seeking declaratory and injunctive relief requiring Defendant LVJ, Inc., operating as Leo's Coney Island ("Leo's), in Livonia, Michigan, to bring its facility into compliance with the ADA.   Plaintiff alleges Leo's has architectural barriers throughout the premises that deny him full and equal access to the restaurant.

Presently before the Court are the following motions:  (1)  Plaintiff's Motion *in Limine* to Preclude Defendant LVJ, Inc.'s Witnesses Bud Edwards, James Hoskins,[1] Moe Saif, and Raid Alsoairi from Offering at Trial any Opinion Regarding Compliance with the ADA, (2)  Plaintiff's Motion *in Limine* to Admit Social Security Determination, (3) Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Compensation, and (4) Defendant's Motion *in Limine*.  These matters are fully briefed, and upon review of the parties' submissions, the Court concludes oral argument will not aid in the resolution of these matters.  Accordingly, the Court will resolve the pending motions on the briefs.  *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons that follow, the Court grants in part and denies in part Plaintiff's Motion *in Limine* to Preclude Certain Witnesses' Testimonies, grants Plaintiff's Motion to Admit Social Security Determination, grants Plaintiff's Motion *in Limine* to Preclude Compensation Evidence and grants in part and denies in part Defendant's Motion *in Limine*.

---

[1] In the parties' proposed Joint Final Pretrial Order, Defendant advised that it concurs with Plaintiff's request to exclude the expert testimony of Bud Edwards and James Hoskins.  Therefore, the Court will not address Plaintiff's arguments in regard to Mr. Edwards and Mr. Hoskins.

## II.    LAW & ANALYSIS

### A.  Plaintiff's Motion *in Limine* to Preclude Defendant LVJ, Inc.'s Witnesses Moe Saif and Raid Alsoairi from Offering at Trial any Opinion Regarding Compliance with the ADA

A motion *in limine* is a tool used to prevent evidence "that clearly ought not be presented to the jury" from reaching the jury. *Jonasson v. Lutheran Child and Family Services*, 115 F.3d 436, 440 (7th Cir. 1997). Evidence is generally admissible if it is relevant and not unfairly prejudicial. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991).

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Rule 701 governs the admission of lay witness testimony which permits "testimony in the form of an opinion" that is (1) "rationally based on the witness's perception;" (2) "helpful to clearly understanding the witness's testimony or determining a fact in issue; and" (3) it may not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Civ. P. 701. Lay witness testimony "results from a process of everyday .life,": whereas expert testimony "results from a process of reasoning which can be mastered only by specialists in the field." *United States v. White*, 492 F.3d 380, 401 (6th Cir. 2007).

Plaintiff moves to exclude the testimonies of Moe Saif and Raid Alsoari regarding ADA compliance arguing a determination of ADA compliance requires expert testimony pursuant to Rule 702 and neither witness has provided an expert report required by Rule 702.  Mr. Saif is the Manager at Leo's.  Mr. Alsoairi is the President of Leo's.

Here, to the extent Defendant seeks to provide lay witness testimony from LVJ's representatives, Mr. Saif and Mr. Alsoairi, such testimony is admissible. Lay witnesses may testify to personal observations within their knowledge, such as the available seating in the restaurant and the measurements that they took.  Thus, the Court grants Plaintiff's present motion to the extent it seeks to preclude Mr. Saif's and Mr. Alsoairi's testimonies regarding whether LVJ, Inc. is ADA compliant.  However, Mr. Saif and Mr. Alsoairi are permitted to testify concerning

their personal observations of LVJ's premises and this aspect of Plaintiff's present motion will be denied.

### B.  Plaintiff's Motion *in Limine* to Admit Social Security Determination

Next, Plaintiff argues the Social Security Administration's determination that Plaintiff has a severe impairment that renders him unable to perform his past relevant work is relevant to an issue this Court must decide.  Specifically, this Court must determine whether Plaintiff's impairments substantially limit one or more of his major life activities.  Plaintiff also asserts there is no danger of unfair prejudice or confusion of the issues because this is a bench trial.

Defendant counters that the definition of disability under the Social Security Act is different from the definition of disability under the ADA, thus the Social Security's Determination is irrelevant to the issues before the Court.  Defendant argues there is no "plausible scenario where the use of the Social Security Administration's definition of disability and findings would have any probative value in this case." ECF No. 41, PageID.865.

Contrary to Defendant's argument, Plaintiff is not offering the Social Security Administration's determination as conclusive evidence on the issue of whether Plaintiff is disabled within the meaning of the ADA.  Rather, the Court finds this evidence is relevant to the determination of whether Plaintiff has an impairment that substantially limits a major life activity.  Defendant's argument

that introducing this evidence will be misleading or confusing is misplaced in light of the fact Plaintiff's claims will be tried by the Court and not by a jury.  Plaintiff's Motion *in Limine* to Admit Social Security Determination is granted.

### C.  Plaintiff's Motion *in Limine* to Exclude Evidence Concerning Any Compensation Plaintiff Receives

Plaintiff also moves to preclude admission of any evidence of Plaintiff's compensation.  Plaintiff argues this evidence is irrelevant to whether Plaintiff can establish his ADA claim, and its admission would also be a waste of the Court's resources under Rule 403.  Defendant counters that the fact Plaintiff has filed more than 2000 cases across the country is relevant to his credibility with respect to whether he has a good faith intent to return to the Defendant's business and his standing to seek prospective injunctive relief.

Here, evidence of Plaintiff's compensation from other lawsuits does not tend to make it more or less probable that Plaintiff intends to return to the facility, whether he personally encountered barriers at the Defendant's facility, or any of the other elements Plaintiff must establish under the ADA.  This motion will also be granted.

### D.  Defendant's Motions *in Limine*

Defendant moves to preclude Plaintiff from offering (1) any evidence related to the SSA's disability determination, (2) evidence Plaintiff failed to produce

during the discovery phase, and (3) Plaintiff's expert testimony from Giovannia Paloni.  Because the Court has already determined that the SSA's determination is relevant to one of the issues this Court must resolve, and is not unduly prejudicial, the Court will only address the latter two categories of evidence Defendant seeks to exclude.

As to Defendant's request to exclude evidence not already produced during the discovery phase, Plaintiff asserts he has no intention to introduce evidence he did not provide to Defendant during the discovery phase.  This aspect of Defendant's motion will be granted.

Finally, Plaintiff's expert, Giovannia Paloni, has opined that "there are architectural barriers to access to persons with disabilities at Leo's Coney Island location in Livonia, Michigan."  These conclusions are based "on photos from physical site visits and my knowledge and reference of the ADA and the applicable 2010 Standards for Accessible Design accommodations, and commercial facilities to be readily accessible to and usable by individuals with disabilities."  ECF No. 39, PageID.808.

Defendant argues Plaintiff's expert's anticipated testimony is inadmissible under Rule 702 because it is not based on sufficient facts and data, thus her testimony is unreliable.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. A party offering an expert's opinion bears the burden of establishing the admissibility of such opinion by a preponderance of the evidence. *Nelson v. Tennessee Gas Pipeline Co.,* 243 F.3d 344, 251 (6th Cir. 2001). Expert testimony is admissible only if it satisfies the requirements of Rule 702 of the Federal Rules of Evidence, which states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b)   the testimony is based on sufficient facts or data;
> (c)   the testimony is the product of reliable principles and methods, and;
> (d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court must determine whether the expert's testimony meets three requirements: (1) the expert witness must be qualified by "knowledge, skill, experience, training or education," (2) the proffered testimony is relevant and "will assist the trier of fact to understand the evidence or to determine a fact in issue," and (3) the testimony is reliable in that it is based on scientific, technical or other specialized knowledge. Fed. R. Evid. 702; *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 529 (6th Cir. 2008).

Defendant does not challenge that Ms. Paloni is qualified by knowledge, skill, experience, training, and education to offer her opinions in this matter. The Court denotes Ms. Paloni's educational background is in architecture and design, she has worked in the field for almost three decades, and specifically in ADA compliance for almost ten years.  Defendant argues Ms. Paloni's testimony fails Rule 702 because it is unreliable.  Defendant complains that Ms. Paloni did not personally visit the facility but relied solely on photographs taken by Plaintiff.

Here, the court concludes that Ms. Paloni is qualified to testify as an expert in this matter.  She has the requisite specialized skill and knowledge and the fact she did not personally visit the premises is not a basis upon which to exclude her testimony.  Rule 703 permits an expert to "base an opinion on facts or data in the case that the expert has been made aware of or personally observed[,]" such as the photographs supplied by Plaintiff.  Defendant can address her failure to personally inspect the facility during cross examination.  Defendant's arguments may impact the weight to be accorded her testimony, however this alone is not a basis to exclude Ms. Paloni's testimony.

## III.   CONCLUSION

Accordingly, for the reasons articulated above, Plaintiff's Motion *in Limine* to Preclude Defendant LVJ, Inc.'s Witnesses Moe Saif and Raid Alsoairi from

Offering at Trial any Opinion Regarding Compliance with the ADA [#36] is GRANTED IN PART and DENIED IN PART. Mr. Saif and Mr. Alsaoiri are permitted to testify as lay witnesses concerning facts within their personal knowledge.

Plaintiff's Motion *in Limine* to Admit Social Security Determination [#37] is GRANTED.

Plaintiff's Motion *in Limine* to Exclude Evidence Regarding Plaintiff's Compensation [#38] is GRANTED.

Defendant's Motions *in Limine* [#39] are GRANTED IN PART and DENIED IN PART. Plaintiff is precluded from introducing any evidence he failed to provide during the discovery phase of this matter.

The hearing scheduled for May 2, 2022 at 4:00 p.m. shall be converted to a Status Conference.

SO ORDERED.

Dated: April 19, 2022                              /s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 19, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager