UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

    Plaintiff,

v.

LVJ, INC.,

a Michigan corporation

    Defendant.

Case No. 2:20-cv-10979

Hon. Gershwin A. Drain

_____

# PLAINTIFF'S PROPOSED FINDINGS OF LAW AND CONCLUSIONS OF LAW

Plaintiff, Howard Cohan, submits the following Proposed Findings of Facts and Conclusions of Law:

## Findings of Fact

1. Plaintiff Howard Cohan is a resident of Palm Beach County, Florida. (ECF No. 1 at PageID.2, ¶ 3, Proposed Joint Pretrial Order, Stipulated Fact i).

2. Plaintiff is person with numerous disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-

union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. (ECF No. 1 at PageID.2, ¶ 7).

3. Defendant LVJ, Inc. is a Michigan corporation doing business as "Leo's Coney Island." Defendant operates the Leo's Coney Island restaurant at 17398 Haggerty Road in Livonia, Michigan 48152. (ECF No. 1 at PageID.2, ¶¶ 4-5, Proposed Joint Pretrial Order, Stipulated Fact ii).

4. Defendant's "Leo's Coney Island" restaurant qualifies as a "Facility" as defined in 28 C.F.R. § 36.104. (Proposed Joint Pretrial Order, Stipulated Fact iii).

5. Defendant's "Leo's Coney Island" restaurant is a place of public accommodation under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181(7), 28 CFR § 36.104. (Proposed Joint Pretrial Order, Stipulated Fact iv).

6. As a Facility and place of public accommodation, Defendant's restaurant is required to comply with the ADA.

7. Defendant's Certificate of Occupancy is dated 2014.

8. Plaintiff visited the Defendant's Facility at 17398 Haggerty Road on March 23, 2018 and May 21, 2019. (ECF No. 1 at PageID.5, ¶ 25).

9. Plaintiff personally encountered several architectural barriers that affect Plaintiff's disabilities during his visits to Defendant's Facility on March 23, 2018 and May 21, 2019. (ECF No. 1 at PageID.5, ¶ 25).

10. Plaintiff visited Defendant's Facility again on June 7, 2021.

11. Plaintiff suffered an injury-in-fact when he visited Defendant's Facility.

11. Defendant's Facility contains elements that were built or altered after March 14, 2012.

12. Neither the 1991 nor the 2010 ADA Standards restrict protection to individuals in wheelchairs.

13. Plaintiff's right to be protected from discrimination based on his disability was violated when he encountered architectural barriers at Defendant's Facility.

14. Defendant has failed to remove the violations listed in Plaintiff's Complaint.

15. Plaintiff's injury-in-fact is fairly traceable to the challenged action of non-compliance with the ADA.

# CONCLUSIONS OF LAW

16. The Parties do not contest this Court's jurisdiction and both parties agree that the Eastern District of Michigan is the proper venue for this case.

17. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1331 and 28 U.S.C. § 1343.

18. Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et. Seq., prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19. "The primary object of attention in cases brought under the [T]itle III of the ADA should be whether public accommodations have complied with their obligations and whether discrimination has occurred." 28 C.F.R. §36.105(d)(1)(ii).

20. The ADA requires "goods, services, facilities, privileges, advantages, and accommodations [to] be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual." 42 U.S.C. §12182(b).

21. The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 28 C.F.R. § 36.105(a)(1)(i).

22. The ADA states that the definitions of "disability" and "substantially limit" "shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 36.105(a)(2)(i); 28 C.F.R. § 36.105(d)(1)(i).

23. The ADA states that major life activities include, but are not limited to, "…performing manual tasks, …walking, standing, sitting, reaching, lifting, bending, …and working." 28 C.F.R. § 36.105(c)(1)(i).

24. The ADA considers several activities discriminatory including denial of participation and participation in unequal benefit. 42 U.S.C. § 12182(b)(1)(A).

25. The ADA provides that failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

26. The covered entity has the responsibility of demonstrating equivalent facilitation. 2010 ADAAG § 103, Advisory 103 Equivalent Facilitation.

27. Compliance with the 2010 Standards is mandatory for altered and newly constructed facilities as of March 15, 2012. 28 C.F.R. § 36 et seq. All other facilities must comply with the 1991 Standards.

28. Under the ADA, an "alteration is a change to a place of public accommodation . . . that affects or could affect the usability of the … facility." 28 C.F.R. § 36.402(b).

29. Alterations include "remodeling, renovation, rehabilitation, reconstruction, . . . changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions." 28 C.F.R. § 36.402(b)(1). Alterations can also include normal maintenance if it affects the usability of the facility. 28 C.F.R. § 36.402(b)(1).

30. Plaintiff must establish (1) he has a disability; (2) the defendant's facility is a place of public accommodation, and (3) the defendant discriminated against him by denying him full and equal enjoyment of services because of his disability. *Mayberry v. Von Valteir*, 843 F.Supp. 1160, 1164 (E.D.Mich. 1994).

30. Plaintiff does not have the burden of showing what is readily achievable for a defendant and its facility.

Respectfully submitted,
                                    /s/ Angela C. Spears
                                    Angela C. Spears (P82653)
                                    BLACKMORE LAW PLC
                                    21411 Civic Center Drive, Suite 200
                                    Southfield, MI 48076
                                    T: (248) 845-8594
                                    E: aspears@blackmore.law
                                    *Counsel for Plaintiff*


Dated: June 6, 2022

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2022, I electronically filed the foregoing paper with the United States District Court Eastern District of Michigan using the ECF File and Serve system, which will send notification of such filing to all counsel of record.

<u>/s/ Angela C. Spears</u>
Angela C. Spears (P82653)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (248) 845-8594
E: aspears@blackmore.law
*Counsel for Plaintiff*